UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-cv-20602-SEITZ

ATLAS IP, LLC,

      Plaintiff,

v.

BIOTRONIK, INC.,

      Defendant.

_____/

### ORDER ON MOTION TO STRIKE INFRINGEMENT CONTENTIONS

THIS MATTER is before the Court on Defendant Biotronik's motion to strike Plaintiff Atlas IP's Revised Infringement Contentions and its unopposed motion to stay certain deadlines. [DE-53; DE-60.] The Court finds that the Revised Infringement Contentions are adequate, but will extend certain deadlines so that the parties can adapt to the changes in the case.

Consistent with the Complaint [DE-4 at 53-56], Atlas's initial Infringement Contentions accused the "Biotronik CardioMessenger base communicator," which used "SafeSync" RF telemetry and "Medical Implant Communication Service" to interface with various implantable medical devices, of infringing Claims 6 and 14 of Patent No. 5,371,734. [DE-20.] On May 2, 2014, Biotronik moved to strike Atlas's initial Infringement Contentions for failure to comply with this Court's Order requiring that infringement contentions, *inter alia*, specify how each accused device infringes each limitation of the relevant claim. [*See* DE-11 at 2 ¶ A(i)(b).] On June 24, 2014, the Court granted Biotronik's motion, struck Atlas's Infringement Contentions, and required Atlas to file revised infringement contentions.

Atlas's Revised Infringement Contentions are indeed more specific, but they no longer accuse the CardioMessenger base of infringement. Rather, they accuse a different, albeit related, set of products: the "Biotronik ICS3000 or Renamic programmer

. . . equipped with a SafeSync Module," which uses "SafeSync RF Telemetry" to interface with various "ICD"s, "CRT-D"s, and "CRT-P"s. [DE-48-1.] As such, they are inconsistent with the Complaint, which accuses only the CardioMessenger of infringement.

This leaves the case in an untenable position. This Court requires the early disclosure of infringement and invalidity contentions in order "to require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citation omitted). This allows each party to pin down its adversary's legal theories, "thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *Id.* at 1365. Without pleadings and contentions that properly frame the case, even cases much simpler than patent cases can devolve into the "discovery goat rodeo" that the Eleventh Circuit has repeatedly warned against. *See, e.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014).

However, the Court cannot agree with Biotronik's proposals for addressing this problem. In arguing that the Court should strike Atlas's Revised Infringement Contentions, Biotronik relies largely on cases applying the Northern District of California's local patent rule limiting when parties can amend their contentions. *See* N.D. Cal. Patent L.R. 3-6; *see also Atmel Corp. v. Info. Storage Devices Inc.*, C 95-1987 FMS, 1998 WL 775115 (N.D. Cal. Nov. 5, 1998) ("Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative."). This Court has no such local rule and there is no prior Court order imposing such a requirement. Moreover, in contrast with Biotronik's argument that Atlas should dismiss this case and file a new one if it is indeed accusing a new set of products, the Federal Rules state that a court should freely grant leave to amend a complaint. Fed. R. Civ. P.

15(a)(2). It would be incongruous for this Court to apply a more restrictive standard to amendments to infringement contentions than to amendments to pleadings, especially so early in this case and in the absence of a local patent rule or prior court order setting such a standard. It would also unduly delay any resolution of the parties' dispute, in violation of the letter and spirit of Rule 1, to dismiss this case and require pleading and service to take place all over again.

The Court will construe Atlas's Revised Infringement Contentions as an admission that is no longer pursuing claims against the CardioMessenger and will require Atlas to amend its complaint accordingly. The Court also finds Atlas's Revised Infringement Contentions sufficiently specific to put Biotronik on notice of Atlas's theories of infringement. However, the Court will require the parties to show good cause and seek leave of this Court before making any further amendments to their contentions.

The parties agree that Atlas's Revised Infringement Contentions require changes to the case management schedule because discovery and claim construction must now focus on a different set of products. The Court will not change the filing deadlines or hearing dates set in this Court's July 14, 2014 Order [DE-46], but the Court will postpone certain claim construction deadlines so that the parties may confer and file a revised joint proposed pretrial schedule that accommodates the parties' need for discovery and still allows the December 11, 2014 *Markman* hearing to proceed as scheduled. Accordingly, it is hereby

ORDERED that

(1) Defendant Biotronik's Motion to Strike [DE-53] is DENIED.
(2) Plaintiff Atlas shall file an Amended Complaint by **September 3, 2014** that is consistent with the Revised Infringement Contentions.

(3)     After the date of this Order, further amendments of the infringement contentions or invalidity contentions may be made only with

    a. The other party's written consent, or

    b. An order of the Court upon a timely showing of good cause. For illustrative examples of good cause, see N.D. Cal. Patent L.R. 3-6.

(4)     Defendant Biotronik's unopposed motion to stay [DE-60] is GRANTED IN PART as follows:

    a. The deadline to exchange proposed claim constructions and extrinsic evidence is EXTENDED to **September 19, 2014**.

    b. The deadline for the completion of claim construction discovery is EXTENDED to **October 8, 2014**.

    c. If the parties seek further modifications of the claim-construction briefing deadlines [DE-45], the parties shall confer and file by **noon on September 4, 2014** a revised joint proposed pretrial schedule that will still allow the December 11, 2014 *Markman* hearing to proceed as scheduled.

DONE AND ORDERED in Miami, Florida, this 28 day of August, 2014.

                                             PATRICIA A. SEITZ
                                             UNITED STATES DISTRICT JUDGE

cc:     Counsel of Record